IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRYAN L. WALTER, | § | Case No. 03-40778 |
| | § | (Chapter 7) |
| Debtor. | § | |
| _____ | § | |
| STATE BAR OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 04-4038 |
| | § | |
| BRYAN L. WALTER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION REGARDING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]**

This matter is before the Court on the Motion for Summary Judgment filed by the State Bar of Texas ("SBOT" or "Plaintiff"). In its motion, SBOT seeks a summary judgment that costs and attorneys' fees assessed against Bryan L. Walter (the "Debtor") in connection with an attorney disciplinary proceeding against him are nondischargeable as a fine or penalty pursuant to 11 U.S.C. §523(a)(7). The Debtor opposes SBOT's motion, arguing that the disciplinary costs are merely compensation for SBOT's actual pecuniary loss and, therefore, are dischargeable in bankruptcy.

---

[1] This Memorandum Opinion is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case, or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

## JURISDICTION

A proceeding seeking a determination of the dischargeability of a debt raises a core matter over which this Court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(I) and 1334.

## SUMMARY JUDGMENT STANDARDS

Motions for summary judgment are authorized by Rule 56 of the Federal Rules of Civil Procedure, as adopted and applied to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. The entry of a summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)).  If a summary judgment motion is properly supported, a party opposing the motion may not merely rest upon the contents of its pleadings, but must demonstrate the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) (citing FED. R. CIV. P. 56(e)).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  The manner in which this showing can be made depends

**MEMORANDUM OPINION REGARDING
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>** – Page **2**

upon which party will bear the burden of persuasion at trial. Here, since a creditor has the burden of proof in an action to determine the dischargeability of a debt, SBOT must support its motion with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331; *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

Local District Court Rule CV-56 (made applicable to this proceeding by Local Bankruptcy Rule 7056) provides that the party moving for summary judgment must include in its motion a "Statement of Material Facts" in a specified format. A party opposing a motion for summary judgment must file a "Statement of Genuine Issues" in response to the movant's statement of material facts, with specific references to proper summary judgment evidence indicating that a genuine issue of material fact exists. In resolving a summary judgment motion, any material facts claimed by the moving party and supported by admissible evidence are admitted by the non-movant, unless the non-movant timely controverts such material facts with proper summary judgment evidence of its own. The Court will not engage in a comprehensive search for the existence of an undesignated genuine issue of material fact.

In this case, SBOT's motion, the Debtor's response (as amended), and SBOT's reply to the Debtor's amended response establish the following body of relevant uncontested facts:

**MEMORANDUM OPINION REGARDING**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** – Page **3**

## UNCONTESTED FACTS

On June 18, 2002, the Commission for Lawyer Discipline initiated a disciplinary action against the Debtor in the 401st Judicial District Court of Collin County, Texas.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 13, 2003.

On September 8, 2003, the 401st Judicial District of Collin County, Texas, entered a Judgment of Partially Probated Suspension (the "Judgment") against the Debtor. Among other things, the Judgment required the Debtor to pay the Office of Chief Disciplinary Counsel $3,000 in attorneys' fees and $3,035.53 in expenses associated with the disciplinary proceeding. The Judgment recited that the fees and expenses were imposed on the Debtor pursuant to section 1.06T of the Texas Disciplinary Rules of Procedure and that the fees and expenses were intended to be nondischargeable in bankruptcy. In the event the fees and expenses were not paid by the Debtor by December 1, 2004, the Judgment provided that the past due amounts would bear interest at the rate of 10% per annum.

The Debtor appealed the Judgment. On May 5, 2005, the Court of Appeals for the Fifth District of Texas at Dallas entered a Memorandum Opinion and Order affirming the Judgment.

The costs and Judgment remain outstanding.

## DISCUSSION

Section 523(a)(7) provides (in pertinent part) that a discharge in bankruptcy does not discharge a debtor from any debt "to the extent such debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ." In his opposition to SBOT's request for summary judgment, the Debtor does not dispute that SBOT is a governmental unit.[2] Rather, the Debtor argues that the attorneys' fees and costs assessed against him are "compensation for actual pecuniary losses" and, therefore, may be discharged in bankruptcy.[3]

The Debtor relies upon *In re Taggert*, 249 F.3d 987 (9th Cir. 2001), as support for his argument. In that case, the Ninth Circuit noted that California has two statutes allowing for the imposition of fees on disciplined attorneys. One section (section 6086.13) requires the imposition of the costs of disciplinary proceedings on any attorney who is publicly reprimanded, while the other section (section 6086.10) permits the California Supreme Court to impose a discretionary

---

[2] Although there are no published cases in the Fifth Circuit discussing the application of §523(a)(7) to attorney disciplinary proceedings, numerous courts in other circuits have found state bar associations to be governmental units for purposes of §523(a)(7). *See, e.g., In re Wade,* 115 B.R. 222, 228 (9th Cir.BAP 1990); (Arizona State Bar, while carrying out its duties in attorney disciplinary proceedings, was a "governmental unit"); *In re Cillo,* 159 B.R. 340 342 (Bankr. M.D. Fla. 1993) (Florida Bar a "governmental unit""); *In re Williams,* 158 B.R. 488, 490 (Bankr.D.Idaho 1993) (Idaho Bar is "governmental unit" for purposes of § 523(a)(7)); *Attorney Registration and Disciplinary Comm'n of the Supreme Court of Illinois v. Lewis,* 151 B.R. 200, 202 (Bankr. C.D. Ill.1992) (Illinois ARDC was "governmental unit" under § 523); *In re Haberman,* 137 B.R. 292 (Bankr.E.D.Wis.1992) (Wisconsin Board of Attorneys Professional Responsibility was "governmental unit" when functioning in its role supervising attorneys). *See also In re Gandy*, 327 B.R. 796 (Bankr. S.D. Tex. 2005) (discussing a state bar association as a governmental unit whose disciplinary proceedings are not subject to the automatic stay in bankruptcy).

[3] The Debtor also argues that there is a question of material fact with regard to the proper construction of section 1.06T of the Texas Rules of Disciplinary Procedure. However, a dispute over the proper interpretation of section 1.06T raises questions of law, not fact.

**MEMORANDUM OPINION REGARDING**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – Page 5**

monetary sanction in addition to any costs imposed under the first statute. With regard to discretionary monetary sanctions, the Ninth Circuit concluded that "[a] comparison of the plain language of these two sections, a comparison of cost assessment in attorney disciplinary hearings with that in civil litigation, and a review of the legislative history of section 6086.13 demonstrate that while fees imposed under section 6086.13 constitute fines or penalties, those imposed under section 6086.10 do not." *Id.* at 991-992.

In Texas, a disciplinary proceeding may be brought by the Commission for Lawyer Discipline for the purpose of maintaining appropriate standards of professional conduct within the profession. *See* TEX. R. DISCIPLINARY P. preamble, 1.02, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A-1 (Vernon Supp.2003). If an attorney is found guilty of misconduct, the consequences may include disbarment, resignation in lieu of disbarment, suspension, probation of suspension, reprimand, restitution, and payment of attorneys' fees and costs. TEX R. DISCIPLINARY P. 1.06(T). In determining the appropriate sanction for attorney misconduct, the trial court must consider, among other things, the nature and degree of the professional misconduct, the damage to the profession, the avoidance of repetition, the deterrent effect on others and the maintenance of respect for the legal profession. TEX. R. DISCIPLINARY P. 3.10.

In contrast to the California Business and Professional Code, the Texas Rules of Disciplinary Procedure do not contain two separate provisions allowing fees and costs to be assessed against a disciplined attorney. Any costs and

**MEMORANDUM OPINION REGARDING**
<u>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**</u> – Page **6**

attorneys' fees awarded to the Commission for Lawyer Discipline are part of the sanction imposed as punishment under the Texas Rules of Disciplinary Procedure. *See* TEX R. DISCIPLINARY P. 1.06(T); *see also*, *e.g., Curtis v. Comm'n for Lawyer Discipline,* 20 S.W.3d 227, 235 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (attorneys' fees and court costs are appropriate sanctions for violating disciplinary rule). Texas courts have interpreted the award of attorneys' fees as a sanction rather than as reimbursement, pointing out that the rule authorizing the award of attorneys' fees describes the award as a "sanction" and that this "is some indication that the primary purpose of the award is to deter and punish conduct that violates the disciplinary rules …." *Brown v. Comm'n for Lawyer Discipline*, 980 S.W.2d 675, 684 (Tex.App.-San Antonio,1998) (upholding award of attorney fees to the Commission even though the lawyers representing it did so on a *pro bono* basis). *See also, e.g., McIntyre v. Comm'n for Lawyer Discipline,* 169 S.W.3d 803, (Tex.App. - Dallas, 2005) (upholding award of attorneys fees in favor of Commission as an appropriate sanction); *Curtis v. Comm'n for Lawyer Discipline,* 20 S.W.3d 227, 234-35 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (same). Further, in Texas, the expenses of the Commission for Lawyer Discipline are paid from the budget of the State Bar and not from any attorneys' fees or costs assessed in the Commission's favor. *See* TEX. GOV'T CODE §81.087.

For the foregoing reasons, the Court concludes that no genuine issue of material fact exists which would preclude summary judgment. The Court further concludes that SBOT has established, as a matter of law, that the attorneys' fees

**MEMORANDUM OPINION REGARDING**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** – Page **7**

and costs assessed against the Debtor were fines or penalties within the meaning of 11 U.S.C. §523(a)(7) and that SBOT is entitled to judgment in its favor as a matter of law.  Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Summary Judgment shall be, and is hereby, **GRANTED**.

Signed on 3/9/2006

_Brenda T. Rhoades_   MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE